UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

ELLEN FOX and
CARRIE THORNTON,

    Plaintiffs,

v.                                                                                          CASE NO.

SUNSET WAVERUNNER TOURS, INC.,
a Florida corporation
and SUNSET PARTY CAT, INC.,
a Florida corporation,

    Defendants.

_____/

## COMPLAINT

**COME NOW** the Plaintiffs, **ELLEN FOX** and **CARRIE THORNTON**, by and through the undersigned counsel and hereby file this Complaint against the Defendants, SUNSET WAVERUNNER TOURS, INC., a Florida corporation and SUNSET PARTY CAT, INC., a Florida corporation, and in support thereof state the following:

## JURISDICTION, PARTIES, and VENUE

1. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interests, and attorney's fees.

2. At all times material hereto, the Plaintiff, ELLEN FOX, was and is a resident of King of Prussia, Pennsylvania.

3. At all times material hereto, the Plaintiff, CARRIE THORNTON, was and is a resident of Mt. Pleasant, South Carolina.

4. At all times material hereto, and upon information and belief, the Defendants, SUNSET WAVERUNNER TOURS, INC., a Florida corporation and SUNSET PARTY CAT, INC., a Florida corporation, (hereinafter collectively referred to as "SUNSET WAVERUNNER TOURS and SUNSET PARTY CAT") were licensed to and were conducting business in the State of Florida as a water sports and livery company with their principal place of business located at 201 William Street, Key West, Florida 33040.

5. Jurisdiction is proper in this Court under 28 U.S.C. 1333, and Article III, section 2 of the U.S. Constitution, which provides federal courts with original jurisdiction to hear admiralty or maritime cases, "saving to suitors in all cases all other remedies to which they may be entitled".

6. Venue is proper in the Key West, Florida in that Defendant's principal place of business is in Key West, Florida, and is the site wherein the casualty occurred.

7. At all times material, Chapter 327 of the Florida Statutes governed livery's business.

## STATEMENT OF FACTS

8. At all times material, Defendants, acting as a livery, owned *pro hac vice*, or otherwise controlled a personal watercraft that it rented to the Plaintiffs on April 3, 2013.

9. The charter was a time charter because, among other things, the Defendants dictated the area in which the Captain, CARRIE THORNTON, could navigate, and CARRIE THORNTON was under the instruction and supervision of the Defendants at all times.

10. At all times the vessel was a personal watercraft with an engine with more than ten horsepower.

11. At all times material, vessel was not seaworthy because:

   a. The Captain was not adequately trained by the Defendants to operate the vessel;

   b. The Captain had no experience operating a personal watercraft;

   c. The Captain was incorrectly trained by the Defendants to operate the vessel;

   d. The starting location for the voyage was a small channel lined with mangroves not suitable for teaching inexperienced first-time operators to use a personal watercraft;

   e. The crew was not qualified to man the vessel, nor assist in any way;

12. On or about the morning of April 3, 2013, Plaintiffs were business invitees of Defendants, SUNSET WAVERUNNER TOURS and SUNSET PARTY CAT, at their place of business in Key West, Florida.

13. On or about the morning of April 3, 2013, Plaintiffs rented a personal watercraft for a "WaveRunner Tour" at the Defendants, SUNSET WAVERUNNER TOURS and SUNSET PARTY CAT'S place of business at the base of Salt Run Channel Bridge in Key West, a "navigable" waterway, as that term is used in maritime law.

14. On or about the morning of April 3, 2013, Defendants, SUNSET WAVERUNNER TOURS and SUNSET PARTY CAT'S employees and/or agents failed to provide the Plaintiffs with adequate education and training necessary for the safe operation of the Defendants' personal watercraft.

15. As a direct and proximate result of the Defendants, SUNSET WAVERUNNER TOURS and SUNSET PARTY CAT'S failure to provide the necessary education and training required for the safe operation of the aforementioned personal watercraft, Plaintiff-CARRIE THORNTON, captaining the Defendants' vessel, lost control of the personal watercraft and crashed into the mangrove island from the initiation of the voyage.

16. At the time of the crash, Plaintiff-ELLEN FOX was a passenger on the personal watercraft.

17. The Defendants' employees/agents instructed the Plaintiffs to begin Plaintiffs' first operation of Defendants' personal watercraft within an enclosed small mangrove-lined channel not suitable for beginning operators.

18. Defendants' agents/employees erroneously advised and encouraged the Plaintiff-CARRIE THORNTON to "go full throttle at the start of the operation".

19. The Plaintiffs directly apprised Defendants' employees/agents that neither Plaintiff had any experience on a personal watercraft.

20. Defendants' agents/employees provided little instruction to the Plaintiffs other than use of hand signals.

21. Defendants' agents/employees did not provide adequate instruction in the safe handling of Defendant's personal watercraft.

22. Defendants' agents/employees did not provide adequate instruction taking into account the nature and operational characteristics of the personal watercraft and general principles and regulations pertaining to boating safety.

23. As a result of Defendants, SUNSET WAVERUNNER TOURS and SUNSET PARTY CAT'S, failure to provide said education and training, the Plaintiffs suffered bodily

injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of any previously existing conditions. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

## COUNT I - NEGLIGENCE

The Plaintiffs incorporate and re-allege paragraphs one (1) through twenty-three (23) above, as though fully set forth herein, and further state:

24. At all times material hereto, the Defendants, SUNSET WAVERUNNER TOURS and SUNSET PARTY CAT owed a duty to the Plaintiffs to exercise reasonable care under the circumstances in the providing, maintaining of, and entrustment of their personal watercraft, and in the instruction of, and supervision of, the Plaintiffs.

25. At all times material hereto the Defendants, SUNSET WAVERUNNER TOURS and SUNSET PARTY CAT breached their duty to the Plaintiffs and were actively negligent through the actions of their employees and/or agents in the following ways:

   a. Negligently entrusting the personal watercraft to the Plaintiffs when the Defendants knew or should have known that the Plaintiffs had not been adequately educated or trained in the operation of the personal watercraft;

   b. Negligently entrusting the personal watercraft to the Plaintiffs when the Defendants knew or should have known that the Plaintiffs had no experience whatsoever in the operation of personal watercraft, including any features unique to this watercraft;

    c. Failing to warn the Plaintiffs of the dangers associated with the operation of the personal watercraft;

    d. Failing to provide adequate education and training to the Plaintiffs in the operation of the personal watercraft;

    e. Advising the Plaintiff to go full throttle at the start of the operation of Defendants' vessel.

    f. Not providing the Plaintiff—an inexperienced operator—an open space within which to learn to operate the Defendants' personal watercraft;

    g. As to passenger, Plaintiff-Fox, placing the Defendants' vessel in the hands of an inexperienced operator;

    h. Failing to warn the Plaintiffs of the dangers associated with the personal watercraft because of the Captain's and crew's improper qualifications under the circumstances;

    i. Negligently supervising Defendants' employees and/or agents by allowing the foregoing breaches to occur.

26. On or about April 3, 2013 the Defendants, SUNSET WAVERUNNER TOURS and SUNSET PARTY CAT'S active negligence directly and proximately caused Plaintiffs' serious personal injuries including, but not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of ability to earn money, expensive hospitalization, medical care and treatment, and aggravation of a previously existing condition. All of these damages were at all times material hereto reasonably foreseeable to Defendants, SUNSET WAVERUNNER TOURS and SUNSET

PARTY CAT, are permanent and continuing in nature, and the Plaintiffs will continue to suffer from them in the future.

**WHEREFORE**, the Plaintiffs, ELLEN FOX and CARRIE THORNTON, demand a trial by jury of all issues so triable and a judgment for all damages and injuries against Defendants, SUNSET WAVERUNNER TOURS and SUNSET PARTY CAT, all fees and costs Plaintiff has incurred in bringing this action against Defendant, and such other relief as this Court deems appropriate.

## COUNT II – VIOLATION OF FLORIDA STATUTE 327.54

The Plaintiffs incorporate and re-allege paragraphs one (1) through twenty-three (23) above, as though fully set forth herein, and further state:

27. Plaintiffs bring this Count under Florida law, pursuant to Florida statute and are entitled to do so:

    a. Under the "Savings to Suitors Clause", 28 USC 1333 because Plaintiffs may seek remedies concurrent under Florida law that do not conflict with maritime law. (*Yamaha Motor Corp., USA v. Calhoun*, 516 U.S. 199 (1996));

    b. Because Florida Statute Chapter 327 creates remedies that exist independently of General Maritime Law. *Biggs v. Jupiter Hills Lighthouse Marina*, 9 So.3d. 29 (Fla. 4th DCA 2009); and

    c. Because any attempt to use General Maritime law as a bar to a remedy under Florida Statute, Chapter 327 would frustrate Florida law and run afoul of the

concepts of federalism. *Tassinari v. Key West Tours, LC.*, 2207 WL 1879172 (S.D. Fla)(2007).

28. At all times material Chapter 327 of the Florida Statutes governed Defendants' business.

29. A violation of section 327 is civilly actionable. (*Briggs*, 9 So. 3d at 34.)

30. At all times material, Defendants owed Plaintiffs these duties under section 327:

   a. To ensure the boat was seaworthy; and

   b. To provide the Captain and crew with a pre-rental instruction that included a sufficient and reasonable instruction on:

      i. The operational characteristics of personal watercraft;

      ii. The operational characteristics of the Defendants' vessel;

      iii. Safe operation of Defendants' vessel;

      iv. Captain's responsibilities for safe and proper operation of the vessel;

      v. General principles relating to boating safety;

      vi. Regulations pertaining to boating safety;

   c. Provide a person to advise the Plaintiff who had understood and completed a qualified boater safety course.

31. At all times material, Defendants breached their duties to the Plaintiffs under Florida Statute Chapter 327 in the following ways:

   a. Failing to ensure the vessel was seaworthy before allowing it to leave its livery;

   b. Failing to sufficiently and reasonably instruct the Plaintiffs on the operational characteristics of personal watercraft;

    c. Failing to sufficiently and reasonably instruct the Plaintiffs on the safe operation of the <u>Defendants</u>' vessel;

    d. Failing to sufficiently and reasonably instruct the Plaintiff on the safe handling of personal watercraft;

    e. Failing to advise that the Captain was responsible for the safe and proper operation of the vessel during the charter;

    f. Failing to advise the Plaintiff as to general principles pertaining to boating safety.

    g. Failing to advise the Plaintiff as to regulations pertaining to boating safety; and

    h. Failing to provide a person to advise the Plaintiffs who had completed a qualified boater safety course.

32. On or about April 3, 2013 the Defendants, SUNSET WAVERUNNER TOURS and SUNSET PARTY CAT'S active negligence directly and proximately caused Plaintiffs' serious personal injuries including, but not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of ability to earn money, expensive hospitalization, medical care and treatment, and aggravation of a previously existing condition. All of these damages were at all times material hereto reasonably foreseeable to Defendants, SUNSET WAVERUNNER TOURS and SUNSET PARTY CAT, are permanent and continuing in nature, and the Plaintiffs will continue to suffer from them in the future.

WHEREFORE, the Plaintiffs, ELLEN FOX and CARRIE THORNTON, demand a trial by jury of all issues so triable and a judgment for all damages and injuries against Defendants, SUNSET WAVERUNNER TOURS and SUNSET PARTY CAT, all fees and costs Plaintiffs have incurred in bringing this action against Defendants, and such other relief as this Court deems appropriate.

DATED this  14th  day of  April , 2015.

Frank D. Butler, Esquire
FBN: 940585
Frank D. Butler, P.A.
10550 U.S. Hwy. 19 North
Pinellas Park, FL 33782
Tel: (727) 399-2222
Fax: (727) 399-2202
fdblawfirm@aol.com
Attorney for Plaintiffs